## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JANE DOE,

                Plaintiff,

    *-against-*

BOOBY TRAP, INC., BT'S RIVERFRONT
LAND HOLDINGS, LLC d/b/a BOOBY
TRAP, BTS NORTH, INC. d/b/a BOOBY
TRAP, T.K. PROMOTIONS, INC. d/b/a BOOBY
TRAP, P.T.G. ENTERTAINMENT, INC. d/b/a
BOOBY TRAP, B&G OPA LAND HOLDINGS,
LLC d/b/a BOOBY TRAP, BT'S ON THE
RIVER, LLC d/b/a BOOBY TRAP, THE GORI
FAMILY LIMITED PARTNERSHIP d/b/a
BOOBY TRAP, PG INVESTMENTS II, INC.
d/b/a BOOBY TRAP, THE NEW MINT, LLC
d/b/a BOOBY TRAP, WACHOVIA HOLDINGS
LLC d/b/a BOOBY TRAP, ADULT CLUB
MANAGEMENT LLC d/b/a BOOBY TRAP,
SOLI LNU, individually and in his official capacity,
ABE LNU, individually and in his official capacity,
and ANTHONY NAMIAS, individually and in his
official capacity,

                Defendants.

--------------------------------------------------------x

**Civil Case No.:** 1:19-cv-23667

### COMPLAINT
**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, JANE DOE, by and through her attorneys, DEREK SMITH LAW GROUP, PLLC,

hereby complains of Defendants, BOOBY TRAP, INC., BT'S RIVERFRONT LAND

HOLDINGS, LLC d/b/a BOOBY TRAP, BTS NORTH, INC. d/b/a BOOBY TRAP, T.K.

PROMOTIONS, INC. d/b/a BOOBY TRAP, P.T.G. ENTERTAINMENT, INC. d/b/a BOOBY

TRAP, B&G OPA LAND HOLDINGS, LLC d/b/a BOOBY TRAP, BT'S ON THE RIVER, LLC

d/b/a BOOBY TRAP, THE GORI FAMILY LIMITED PARTNERSHIP d/b/a BOOBY TRAP,

PG INVESTMENTS II, INC. d/b/a BOOBY TRAP, THE NEW MINT, LLC d/b/a BOOBY

1

TRAP, WACHOVIA HOLDINGS LLC d/b/a BOOBY TRAP, ADULT CLUB MANAGEMENT LLC d/b/a BOOBY TRAP, SOLI LNU, individually and in his official capacity, ABE LNU, individually and in his official capacity, and ANTHONY NAMIAS, individually and in his official capacity, (hereinafter referred to collectively as "BOOBY TRAP" or "DEFENDANTS"), and alleges as follows:

## NATURE OF CASE

Plaintiff, JANE DOE, complains pursuant to Fair Labor Standards Act, 29 U.S.C. 201 *et. seq.*, ("FLSA"), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ( "Title VII"); the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ( "FCRA"); and Florida law; and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to sex/gender discrimination, sexual harassment, sexual battery, sexual assault, false imprisonment, intentional infliction of emotional distress, hostile work environment, retaliation, negligence, and unlawful constructive discharge arising out of forcible rape and unlawful employment practices.

## JURISDICTION AND VENUE

1.     This is an action at law within the jurisdiction of this Court as a matter in controversy which exceeds the sum of $15,000, exclusive of interest, attorney's fees, if any, and costs.

2.      The Court has subject matter jurisdiction pursuant to FLA. STAT. §§ 26.012(2) and 34.01(c) inasmuch as the matter in controversy – including monetary damages and other relief sought by Plaintiff – exceeds $15,000.00, exclusive of interest, costs and attorneys' fees.

3.     Plaintiff is an individual who resides in the State of the Florida.

4.     Defendant is an individual who committed tortious acts within the State of Florida and, upon information and belief, currently resides in the State of Alabama.

5.     Venue is proper in Miami-Dade County, Florida inasmuch as Defendant is a nonresident of the State of Florida and has substantial contacts with the State of Florida.

6.     All conditions precedent to the maintenance of this suit and Plaintiff's claims have occurred, been performed or have otherwise been waived.

7.     The Court has personal jurisdiction over Defendant pursuant to FLA. STAT. § 48.193(1)(a) because Defendant committed tortious acts within the State of Florida.

## PROCEDURAL REQUIREMENTS

8.     Plaintiff has complied with all statutory prerequisites to file this action.

9.     On or around October 26, 2018, Plaintiff dual filed her charge with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") Charge number 201916414.

10.    An EEOC filing automatically operates as a dual FCHR filing.

11.    On or around June 19, 2019, Plaintiff received the Right to Sue Letter in reference to her EEOC and FCHR charge.

12.    Plaintiff filed this complaint within ninety (90) days of the issuance of the EEOC and FCHR's Right to Sue letter.

## PARTIES

13.    Plaintiff DOE is an individual female and at the time of the allegations in this Complaint was an adult female. Plaintiff resides in the State of Florida County of Miami-Dade. Plaintiff is identified in this lawsuit by the pseudonym because this case involves a substantial privacy concern. As Plaintiff has alleged that she was raped, her privacy concerns outweigh the practice of disclosing her identity.

14.    Upon information and belief, at all times relevant to this Complaint, Defendant BOOBY

TRAP, INC., is a Florida Profit Corporation with its principal place of business located at 2840 HAMMONDVILLE ROAD, POMPANO BEACH, FL 33069, and authorized to do business in the state of Florida.

15. At all times material, Defendant BT'S RIVERFRONT LAND HOLDINGS, LLC, d/b/a BOOBY TRAP, is a Florida Profit Corporation with its principal place of business located at 2840 HAMMONDVILLE ROAD, POMPANO BEACH, FL 33069, Florida, and authorized to do business in the state of Florida.

16. Upon information and belief, at all times relevant to this Complaint, Defendant BTS NORTH, INC. d/b/a BOOBY TRAP, T.K. PROMOTIONS, INC. d/b/a BOOBY TRAP, is a Florida Profit Corporation with its principal place of business located at 5325 N.W. 77TH AVENUE, MIAMI, FL 33166, and authorized to do business in the state of Florida.

17. Upon information and belief, at all times relevant to this Complaint, Defendant P.T.G. ENTERTAINMENT, INC., d/b/a BOOBY TRAP, is a Florida Profit Corporation with its principal place of business located at 2840 HAMMONDVILLE ROAD, POMPANO BEACH, FL 33069, and authorized to do business in the state of Florida.

18. Upon information and belief, at all times relevant to this Complaint, Defendant B&G OPA LAND HOLDINGS, LLC, d/b/a BOOBY TRAP, is a Florida Limited Liability Company with its principal place of business located at 5325 N.W. 77TH AVENUE, MIAMI, FL 33166, and authorized to do business in the state of Florida.

19. Upon information and belief, at all times relevant to this Complaint, Defendant BT'S ON THE RIVER, LLC, d/b/a BOOBY TRAP, is a Florida Limited Liability Company with its principal place of business located at 3615 N.W. SOUTH RIVER DRIVE, MIAMI, FL 33142, and authorized to do business in the state of Florida.

20.     Upon information and belief, at all times relevant to this Complaint, Defendant THE GORI FAMILY LIMITED PARTNERSHIP, d/b/a BOOBY TRAP, is a Florida Limited Partnership with its principal place of business located at 2840 HAMMONDVILLE ROAD, POMPANO BEACH, FL 33069, and authorized to do business in the state of Florida.

21.     Upon information and belief, at all times relevant to this Complaint, Defendant PG INVESTMENTS II, INC., d/b/a BOOBY TRAP, is a Florida Profit Corporation with its principal place of business located at 2840 HAMMONDVILLE ROAD, POMPANO BEACH, FL 33069, and authorized to do business in the state of Florida.

22.     Upon information and belief, at all times relevant to this Complaint, Defendant THE NEW MINT, LLC, d/b/a BOOBY TRAP, is a Foreign Limited Liability Company with its principal place of business located at 2840 HAMMONDVILLE ROAD, POMPANO BEACH, FL 33069, and authorized to do business in the state of Florida.

23.     Upon information and belief, at all times relevant to this Complaint, Defendant WACHOVIA HOLDINGS LLC, d/b/a BOOBY TRAP, is a Foreign Limited Liability Company with its principal place of business located at 2840 HAMMONDVILLE ROAD, POMPANO BEACH, FL 33069, and authorized to do business in the state of Florida.

24.     Upon information and belief, at all times relevant to this Complaint, Defendant ADULT CLUB MANAGEMENT LLC, d/b/a BOOBY TRAP is a Foreign Limited Liability Company with its principal place of business located at 2840 HAMMONDVILLE ROAD, POMPANO BEACH, FL 33069, Florida, and authorized to do business in the state of Florida.

25.     Defendants BOOBY TRAP, INC., BT'S RIVERFRONT LAND HOLDINGS, LLC, d/b/a BOOBY TRAP, BTS NORTH, INC. d/b/a BOOBY TRAP, T.K. PROMOTIONS, INC. d/b/a BOOBY TRAP, P.T.G. ENTERTAINMENT, INC., d/b/a BOOBY TRAP, B&G OPA LAND

HOLDINGS. LLC, d/b/a BOOBY TRAP, BT'S ON THE RIVER, LLC, d/b/a BOOBY TRAP, THE GORI FAMILY LIMITED PARTNERSHIP, d/b/a BOOBY TRAP, PG INVESTMENTS II, INC., d/b/a BOOBY TRAP, THE NEW MINT, LLC, d/b/a BOOBY TRAP, WACHOVIA HOLDINGS LLC, d/b/a BOOBY TRAP, and ADULT CLUB MANAGEMENT LLC, d/b/a BOOBY TRAP are corporate entities, each of which owns or co-owns and operates one of four "full friction and full nudity" gentlemen's clubs ("Clubs") in the South Florida area.

26. Upon information and belief, at all times relevant to this Complaint, Defendant BOOBY TRAP meets the definition of an "employer" under all applicable state and local statutes.

27. At all times material, SOLI LNU is a male. Defendant worked for BOOBY TRAP as a security guard.

28. At all times material, Defendant ABE LNU, a male, held a supervisory position at Defendant BOOBY TRAP, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

29. At all times material, Defendant ANTHONY NAMIAS, a male, held a supervisory position at Defendant BOOBY TRAP, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

**STATEMENT OF FACTS**

30. Plaintiff began working at Booby Trap on The River, a gentlemen's club, around mid-2017 where she would work the day shift which was noon to 10:00 PM.

31. As was custom in Plaintiff's profession she accepted drinks from customers, which Defendants encouraged as buying drinks for Defendants' staff encouraged customers to customers spend more money, helped loosen up employees so they could perform better, and drinking helped

add to the atmosphere of the gentlemen's club.

32.   On or around October 25, 2017, after 10:00 PM and finishing her day shift, Plaintiff changed in to her non-work clothes and requested an Uber ride so she could pick up her daughter.

33.   When ABLE, Plaintiff's manager, saw she was leaving work, he told her, "**If you leave, don't come back**," and "**You need to work a second shift to tip out**."

34.   Plaintiff begged her ABLE to let her leave as planned, stating the she needed to leave because her shift already ended, she was exhausted, and she did not feel safe working if she had to continue working a second shift and have to drink more.

35.   Her HOUSE-MOM and manager ABLE forced Plaintiff to work the following night shift which went on until 5:00 AM.

36.   Around 5:00 AM, her HOUSE-MOM and manager ABLE finally allowed Plaintiff to go home.

37.   At the end of this shift, Plaintiff asked a male bouncer known as "SOLI" if she paid him $20.00, would he could take her home. SOLI agreed and the two left work.

38.   Plaintiff exited the workplace with the knowledge of her supervisors and with her supervisors knowing that Plaintiff was intoxicated as a result of working the back-to-back shifts.

39.   At all material times, it was against the company's policy for bouncers to drive home other employees for safety reasons, such as the risk of sexual assault and sexual harassment after female employees left the workplace.

40.   However, while Plaintiff was resting in SOLI's vehicle, she did not notice that instead of taking her to her home on Miami Beach—around 15 min away—SOLI drove her to a deserted area in Homestead, Florida, which was roughly an hour away.

41.   In Homestead, SOLI took Plaintiff to a cheap motel where he raped her against her will.

42.   As SOLI raped her, she passed out and later awoke with SOLI furious because he saw that

after he raped her that Plaintiff was on her menstrual cycle and her blood was all over the sheets of the bed.

43. Soon after, the angry SOLI told Plaintiff to get in the car to get coffee at a gas station, as Plaintiff did not know where she was and was extremely afraid of SOLI, she obeyed and entered his vehicle.

44. As soon as Plaintiff and SOLI arrived at the gas station and Plaintiff stepped out of his car, SOLI speed off leaving Plaintiff stranded in the unknown location humiliated, scared, and in extreme emotional distress.

45. With not much battery left on her cellphone, Plaintiff used her phone to order an Uber to her home.

46. About two days after she was raped and stranded by SOLI, Plaintiff went to her employer to inform management the SOLI raped her and stranded her in homestead.

47. Initially, Plaintiff spoke to VINNY, another bouncer, and VINNY encouraged her to, "**tell someone**."

48. With VINNY's encouragement, next Plaintiff informed KEVIN and another manager in the Managers' Office.

49. In response to learning of Plaintiff's sexual assault, management made no reassurance that she would be safe and KEVIN also disclaimed liability and told her to talk to the "**night managers**" rather than him.

50. Also, in this conversation with management, Plaintiff also learned that her account of sexual assault was not the only rape to be tied to the her place of employment.

51. Based on the lack of response from the Defendants, Plaintiff's continued fears, and knowledge that other sexual assaults had happened in the past, Plaintiff refused to continue working for

Booby Trap on The River.

52. At a later date, Plaintiff called the local police for help.

53. At all material times, Plaintiff was a qualified individual whose job performance was satisfactory before she became a victim of discrimination in the workplace, which lead to her extreme emotional distress.

54. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected Plaintiff on an ongoing continuous basis.

55. As a result of Defendants' continued harassment of Plaintiff, she suffered, and will continue to suffer, numerous injuries including physical, economic, and emotional damages.

56. Plaintiff alleges that, at all material times, that Defendants knew or should have known of the risk of SOLI sexually assaulting and discriminating against Plaintiff.

57. Plaintiff alleges that, at all material times, that Defendant was grossly negligent in supervising SOLI and training employees in anti-discrimination employment practices.

58. Plaintiff claims that Defendants discriminated against and terminated Plaintiff because of her sex/ gender, and because she complained or opposed the unlawful conduct of Defendants related to her sex/ gender.

59. As a result of Defendants' above actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

60. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff suffers from high stress, anxiety, depression, and other symptoms in addition to physical ailments.

61. As a direct and proximate result of Defendants' conduct, Plaintiff has been injured and suffered severe psychological and emotional injuries including degradation, humiliation, mental

anguish, loss of the capacity for the enjoyment of life, loss of dignity, and other nonpecuniary and intangible injuries.

62.    Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

63.    Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

64.    As Defendants' conduct has been malicious, reckless, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

65.    At all times material, Defendant SOLI was an employee, servant and/or agent of Defendant BOOBY TRAP and at all times material was acting within the course and scope of his employment.

66.    Therefore, Defendant BOOBY TRAP is vicariously liable for the tortious acts committed by Defendant SOLI as set forth in the above paragraphs.

67.    Plaintiff claims a continuous practice of discrimination and claims a continuing violations and makes all claims herein under the continuing violations doctrine.

68.    Plaintiff further claims constructive and/or actual discharge to the extent Plaintiff is terminated from Plaintiff 's position as a result of the unlawful discrimination and retaliation.

69.    Plaintiff claims unlawful constructive and/or unlawful actual discharge and also seeks reinstatement.

70.    Plaintiff claims alternatively (in the event Defendant Claims so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

## COUNT I – SEXUAL BATTERY
### [AGAINST DEFENDANT SOLI]

71.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 36 to 70.

72.     Without privilege or consent, Defendant intentionally caused offensive and harmful contacts with Plaintiff's person by removing Plaintiff's clothing, holding Plaintiff down, and forcibly raping Plaintiff in the vagina with his penis.

73.     Defendant acted with the intent to cause the foregoing offensive and harmful contacts, against Plaintiff's will and despite her protests and physical resistance.

74.     As the direct and proximate result of Defendant's offensive and harmful contacts, Plaintiff has suffered injuries, damages, and losses – including, without limitation, past and future physical injury, pain, and suffering; past and future emotional and mental distress, pain, and suffering; past and future harm to Plaintiff's education and its opportunities and benefits; impaired earnings capacity, past and future; and past and future losses of the enjoyment of life.

## COUNT II – ASSAULT
### [AGAINST DEFENDANT SOLI]

75.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 36 to 70.

76.     Before and during the course of forcibly raping Plaintiff, Defendant intentionally threatened immediate harmful contacts with Plaintiff's person by use of his hands, arms and other body parts.

77.     Defendant intentionally caused or acted with a reckless disregard of causing Plaintiff to fear that such threatened contacts put her in imminent peril and that, in light of his size, strength and surroundings, Defendant had the present ability to carry them out.

78.    Plaintiff readily apprehended these threatened contacts, which created a well-founded fear that sexual and other violence to her person was about to take place.

79.    As the direct and proximate result of Defendant's threatened contacts, Plaintiff has suffered injuries, damages, and losses – including, without limitation, past and future -10- physical injury, pain, and suffering; past and future emotional and mental distress, pain, and suffering; past and future harm to Plaintiff's education and its opportunities and benefits; impaired earnings capacity, past and future; and past and future losses of the enjoyment of life. COUNT

**COUNT III – FALSE IMPRISONMENT**
**[AGAINST DEFENDANT SOLI]**

80.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 36 to 70.

81.    Without privilege or authority, Defendant intentionally and physically restrained and confined Plaintiff by use of his hands, arms and other body parts for the purpose of and with the knowledge that his actions would result in Plaintiff being confined and restrained in, among other places, his bedroom and bathroom.

82.    Defendant acted with the intent to restrain and deprive Plaintiff of her liberty, against Plaintiff's will and despite her protests and physical resistance.

83.    Throughout Defendant's restraint and confinement of her person, Plaintiff had no reasonable means or avenue of escape.

84.    Plaintiff in no way consented to being so restrained or confined by Defendant.

85.    Defendant's acts of restraining and confining Plaintiff were wholly without authority and completely unreasonable in light of the foregoing facts and circumstances.

86.    As the direct and proximate result of Defendant's unlawful restraint and deprivation of her

liberty, Plaintiff has suffered injuries, damages, and losses – including, without limitation, past and future physical injury, pain, and suffering; past and future emotional and mental distress, pain, and suffering; past and future harm to Plaintiff's education and its opportunities and benefits; impaired earnings capacity, past and future; and past and future losses of the enjoyment of life.

87.   WHEREFORE, Plaintiff respectively demands judgment against Defendant for money damages in excess of $15,000, costs, and such other and further relief as the Court may deem just and proper.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS [AGAINST ALL DEFENDANTS]

88.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 30 to 70.

89.   In forcibly raping Plaintiff, Defendant intentionally caused or acted with a reckless disregard of causing Plaintiff to suffer severe mental anguish and suffering.

90.   Defendant's conduct and actions in forcibly raping Plaintiff went beyond all possible bounds of decency and was shocking, atrocious and utterly intolerable in a civilized society.

91.   Defendant's aforementioned conduct was extreme and outrageous and caused Plaintiff to suffer severe mental anguish and suffering, including, more specifically, loss of sleep, flashbacks, severe anxiety, fear of repeat sexual violence, an unfounded sense of shame and depression, all of which will continue to require psychological and other counseling.

92.   As the direct and proximate result of Defendant's intentional or reckless infliction of emotional distress, Plaintiff has suffered injuries, damages, and losses – including, without limitation, past and future emotional and mental distress, pain, and suffering; past and future harm to

Plaintiff's education and its opportunities and benefits; impaired earnings capacity, past and future; and past and future losses of the enjoyment of life.

93.     WHEREFORE, Plaintiff respectively demands judgment against Defendant for money damages in excess of $15,000, costs, and such other and further relief as the Court may deem just and proper.

**COUNT V – NEGLIGENCE**
**[AGAINST ALL DEFENDANTS]**

94.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 30 to 70.

95.     The Defendants had actual or constructive notice or knowledge of a history of criminal activity in and about its place of business, prior to the incident in question.

96.     Defendants created a dangerous condition on the property where women and female employees were at an increased risk of being subjected to sexual harassment, sexual battery, sexual assault, false imprisonment, and intentional infliction of emotional distress.

97.     Prior to the incident in question, the Defendants knew, or reasonably should have known that its place of business was the subject of numerous documented violent criminal acts, including women and female employees being subjected to sexual harassment, sexual battery, sexual assault, false imprisonment, and intentional infliction of emotional distress.

98.     Prior to October 25, 2017, Defendants knew or reasonably should have known that sexual harassers frequently entered their business and in the immediate vicinity of its place of business, consuming alcohol and illegal substances.

99.     Prior to October 25, 2017, Defendants knew or reasonably should have known that female patrons and employees were a vulnerable population at its place of business as female patrons and female employees regularly consumed alcohol and illegal substances on the premises and

in the immediate vicinity of its place of business.

100.   Prior to October 25, 2017, Defendants knew or reasonably should have known that female patrons and employees were a vulnerable population at its place of business as males would frequently solicit sex from Defendants' female employees and female patrons on the premises and in the immediate vicinity of its place of business.

101.   Prior to October 25, 2017, Defendants knew or reasonably should have known that the sexual nature of its business and alcohol being sold at its place of business would increase the likelihood of criminal activity which could endanger its female employees and female patrons.

102.   Prior to October 25, 2017, it was reasonably foreseeable to Defendants that the sexual nature of its business and alcohol being sold at its place of business would increase the likelihood of criminal activity which could endanger its female employees and female patrons.

103.   Defendants had a duty to Plaintiff, who was an employee—or in the alternative a customer—at its place of business, to maintain the premises in a reasonably safe condition, and to warn of existing dangers.

104.   Defendants had a duty to take reasonable action to provide adequate warning, security and / or security measures to protect Plaintiff while at its place of business.

105.   Defendants did not take reasonable steps to make its place of business safe or at least minimize the danger.

106.   Defendants were negligent, and breached its duty of care to Plaintiff by failing to warn, to maintain its place of business in a reasonably safe condition, and by failing to have adequate security personnel and/ or measures in place to control, patrol and / or guard against criminal activity at its place of business, thereby contributing to, and failing to prevent the sexual battery, battery and assault on Plaintiff.

107. As a direct, legal and proximate cause of the Defendants' breach of duty; Plaintiff has suffered sexual battery, assault and battery.

108. Additionally, Plaintiff has suffered and continues to suffer emotional distress, loss of income, future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary damages.

109. Plaintiff reserves the right to seek leave as to her entitlement to punitive damages.

## COUNT VI – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION [AGAINST ALL DEFENDANTS]

110. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 30 to 70.

111. Defendants owed a duty of reasonable care to Plaintiff to keep her free from harassment, violence and/or risk of harm.

112. Defendants also owed a duty of reasonable care to hire, select, supervise and train its employees and/or other third persons that are performing work on behalf of Defendants.

113. Defendants breached its duties of care as set forth above.

114.  Defendants conduct was the proximate cause of Plaintiff's injuries and damages.

115. Plaintiff sustained an actual loss or injury as a result of Defendants' conduct.

116. The employees of Defendants who engaged in such conduct described herein were acting within the course of their employment with Defendants.

117. Defendants knew or should have known that its employee or employees were acting in a dangerous, harassing and or otherwise improper manner.

118. Notwithstanding Defendants' knowledge as set forth herein, Defendants nevertheless hired, retained and/or failed to adequately train or supervise its employees.

119.    The injuries and damages sustained by Plaintiff as a result of Defendants' conduct were reasonably foreseeable.

**COUNT VII – FLSA: FAILURE TO PAY THE MINIMUM WAGE
[AGAINST BOOBY TRAP DEFENDANTS]**

120.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 30 to 70.

121.    Defendants and those who elect to opt into this action under the FLSA, 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by failing to pay the minimum wage.

122.    Defendants failed to pay Plaintiff any per hour wage when federal law required the company to pay at least a minimum wage.

123.    Defendants paid Plaintiff below the minimum wage because, upon information and belief, she is a tipped employee and they were availing themselves of the tip credit: the difference between the statutory minimum wage and the rate tipped employees may be paid, provided certain conditions are met. This is often referred to as the "tipped minimum wage."

124.    Defendants forced Plaintiff to share her tips with other employees, controlled the hours and days she worked, dictated how she was to work, and controlled what she wore at the workplace.

125.    Defendants forced Plaintiff to share her tips with management, security, the DJ, and other members of Defendants' staff before she was allowed to leave work.

126.    Defendants did not inform their customers that they were retaining any portion of the automatic gratuity. Customers reasonably believed 100% of the gratuity was being remitted to the waiters and other serving staff.

127.   Defendants knowingly failed to pay Plaintiff the minimum wages to which she was entitled under the FLSA.

128.   Defendants were required to pay Plaintiff the full minimum wage rate for all hours worked.

129.   Defendants were not permitted to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, because Defendants failed to inform Plaintiff of the FLSA, 29 U.S.C. § 203(m), and Defendants retained a portion of Plaintiff's tips.

130.   As a result of Defendants' FLSA violations, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

131.   Defendants willfully violated the above and Plaintiff suffered numerous damages as a result.

## COUNT VIII – DISCRIMINATION UNDER TITLE VII
### [AGAINST BOOBY TRAP DEFENDANTS]

132.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 30 to 70.

133.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. [Section 703] states in relevant part as follows:

> (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

134.   The Defendant's constructive discharge and harassment of Plaintiff was, in whole or in part because she was a woman.

135. Defendant failed to remedy work conditions that the female employees that complained of and allowed the unlawful discrimination towards female employees to continue.

136. Defendant SOLI sexually harassed and sexually assaulted Plaintiff.

137. Defendant SOLI targeted Plaintiff to degrading a humiliating unlawful treatment because he wanted to assert dominance over her as a woman.

138. At all material times, Defendants engaged in discriminatory practices which resulted in Plaintiff being subjected to a discriminatory hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended.

139. Defendant violated Title VII by unlawfully discharging and discriminating against Plaintiff based her sex and by allowing an unsafe work environment that was hostile towards women in which the Defendants were fully aware of.

140. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex/gender.

## COUNT IX – RETALIATION UNDER TITLE VII
### [AGAINST BOOBY TRAP DEFENDANTS]

141. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 30 to 52.

142. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

143. The Defendants have discriminated against and refused to protect Plaintiff in the terms and conditions of her employment, and have denied the Plaintiff continued employment in

retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

144.    Defendant SOLI sexually harassed and sexually assaulted Plaintiff and when she complained of the unlawful conduct, Defendants  forced her to resign.

145.    At all material times, Plaintiff opposed and complained of Defendant SOLI's unlawful conduct.

146.    After Plaintiff opposed and complained of Defendant SOLI's unlawful conduct, Defendants forced Plaintiff to resign was, in whole or in part, in retaliation for her complaints and opposition to unlawful discrimination in the workplace.

147.    The Defendants have discriminated against and harassed the Plaintiff in the terms and conditions of her employment and have denied the Plaintiff the ability to have continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

148.    Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

## COUNT X – DISCRIMINATION UNDER FCRA
## [AGAINST BOOBY TRAP DEFENDANTS]

149.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 30 to 70.

150.    Plaintiff suffered as a result of being exposed to sex/gender discrimination, sexual harassment, sexual assault, hostile work environment, retaliation, and unlawful constructive discharge.

151.    Defendant SOLI sexually harassed and sexually assaulted Plaintiff.

152.   Defendant SOLI targeted Plaintiff to degrading a humiliating unlawful treatment because he wanted to assert dominance over her as a woman.

153.   Defendants are prohibited under the FCRA from discriminating against Plaintiff because of her sex/gender with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

154.   Defendants violated the FCRA by unlawfully discharging and discriminating against Plaintiff based her sex and by allowing an unsafe work environment that was hostile towards women in which the Defendants were fully aware of.

155.   Defendants violated the sections cited herein by failing to consider Plaintiff's requests to make the work environment safe, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff.

156.    Plaintiff has been damaged by the illegal conduct of Defendant.

## COUNT XI – RETALIATION UNDER FCRA
## [AGAINST BOOBY TRAP DEFENDANTS]

157.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 30 to 70.

158.   Defendant SOLI sexually harassed and sexually assaulted Plaintiff and when she complained of the unlawful conduct, Defendants  forced her to resign.

159.   At all material times, Plaintiff opposed and complained of Defendant SOLI's unlawful conduct.

160.   After Plaintiff opposed and complained of Defendant SOLI's unlawful conduct, Defendants forced Plaintiff to resign was, in whole or in part, in retaliation for her complaints and opposition to unlawful discrimination in the workplace.

161.    The Defendants have discriminated against and harassed the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff the ability to have continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

162.    Plaintiff was forced to resign out of fear for her life because of Defendant SOLI's sexual assault and Defendants failing to give Plaintiff adequate assurances that the workplace would be safe for her.

163.    Defendants violated the sections cited herein by failing to consider Plaintiff's requests to make the work environment safe, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of her sex/gender and for having complained of discrimination.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

Dated:  Miami, Florida
           August 31, 2019

                                                    Respectfully submitted,

                                                    DEREK SMITH LAW GROUP, PLLC
                                                    *Attorneys for Plaintiff*

                                                    Kelly O'Connell, Esq.
                                                    Fla Bar No.: 0119312
                                                    Kelly@dereksmithlaw.com
                                                    701 Brickell Avenue, Suite 1310
                                                    Miami, FL 33131
                                                    Tel: (305) 946-1884